Gina M. Durham (SBN 295910)
**DLA PIPER LLP**
555 Mission Street, Ste. 2400
San Francisco, CA 94105
415.836.2500 - Telephone
415.836.2501 - Facsimile
Gina.durham@us.dlapiper.com

Michael Burns IV (*pro hac vice* pending)
**DLA PIPER LLP**
1201 North Market Street**,** Ste. 2100
Wilmington**,** DE 19801
302.468.5700– Telephone
302.394.2341– Facsimile
Michael.burns@us.dlapiper.com

Tamar Y. Duvdevani (*pro hac vice* pending)
Maegan N. Stanley (*pro hac vice* pending)
**DLA PIPER LLP**
1251 Avenue of the Americas, Fl. 27
New York, NY 10020-1104
212.335.4500 – Telephone
212.335.4501 – Facsimile
Tamar.duvdevani@us.dlapiper.com
Maegan.stanley@us.dlapiper.com

Counsel for Defendant and Counterclaim – Plaintiff Five Below, Inc

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

PACIFIC MARKET INTERNATIONAL, LLC AND PMI WW BRANDS, LLC,

Plaintiffs,

v.

FIVE BELOW, INC.,

Defendant.

FIVE BELOW, INC.,

Counterclaim - Plaintiff

v.

PACIFIC MARKET INTERNATIONAL, LLC AND PMI WW BRANDS, LLC,

Counterclaim - Defendants.

Case No.: 3:25-cv-09604-VC

**ANSWER TO COMPLAINT**

Defendant FIVE BELOW, INC. ("Five Below"), by and through its undersigned counsel, hereby answers the Complaint (Dkt. No. 1) filed by Plaintiffs PACIFIC MARKET INTERNATIONAL, LLC and PMI WW BRANDS, LLC (collectively, "PMI" or "Plaintiffs"). Five Below denies each and every one of the allegations except to the extent those allegations are specifically admitted below. Five Below specifically responds to the allegations in the Complaint as follows:

## PRELIMINARY STATEMENT

Plaintiffs' Complaint is a transparent attempt to weaponize intellectual property law and force legitimate competition out of the hydration and tumbler market. Not only that, Plaintiffs disingenuously cast Five Below as a willful infringer on the basis of Five Below's continued sales of the accused products following Plaintiffs' demand letter, leaving out the salient fact that it was Plaintiffs – not Five Below – who stopped participating in good faith communication between the parties and left pending the parties' mutual contemplation of a sell-off period. Also conspicuously absent from Plaintiffs' allegations is Five Below's response to their demand letter, attached as **Exhibit A**, which provided a detailed legal analysis by counsel that substantively demonstrated the myriad weaknesses of Plaintiffs' purported intellectual property rights and threatened claims. Plaintiffs never meaningfully responded to Five Below's analysis and did not respond to Five Below's August 2025 settlement proposal, other than to request more time to consider Five Below's proposal. Instead of continuing good faith negotiation, Plaintiffs waited for Defendants to accrue several months of additional sales to file this lawsuit. The Complaint reflects the very same merit issues that Five Below explained in its first response to Plaintiffs – *i.e.*, that Plaintiffs are improperly claiming ownership over unprotectable features of tumbler configuration that are functional, generic, and/or commonplace in the market and thus incapable of acting as exclusive signifiers of Plaintiffs' brand.

For example, Plaintiffs claim unregistered trade dress rights in their Quencher tumbler's "squared-off handle, the metal band between its cup and lid, and the separate strip at the top of its lid." Dkt. 1 ¶¶ 25, 111. The Complaint argues that these elements of product configuration are nonfunctional. *Id.* ¶ 26. But, in direct contrast to their pleading, Plaintiffs' marketing of the

Quencher tumbler actually emphasizes the functionality of these same elements. For instance, the Stanley website describes the "[b]ig, easy to carry" and "[e]asy to grab" squared-off handle of the Quencher tumbler as "an ergonomic handle" and an "easy-carry, comfort grip handle," and notes that the strip on top of the lid, which rotates to close off the straw and/or mouth openings, acts as a "seal [that] helps prevent splashing," and is "designed to resist splashes while holding the reusable straw in place."[1] Ergonomic designs that increase comfort during consumer use and design elements aimed at stopping splashing are clearly functional in nature.

Moreover, a "squared-off handle," a "metal band between [a] cup and lid," and a "separate strip [on] the top" are incredibly common product configurations in the tumbler market. As can be seen in the below third-party examples, many market competitors utilize *all three* of the claimed design features, and as such Plaintiffs cannot credibly claim that the consuming public has come to recognize these features as indicating Plaintiffs as the exclusive source of any product bearing them:

| | | | | | |
|---|---|---|---|---|---|
|   |   |  |   |   |   |
| RTIC Road Trip 40 oz Tumbler | Pelican Porter 40 oz Tumbler | Mainstays 40 oz Stainless Steel Tumbler | Ozark Trail 40 oz Tumbler | L.L. Bean Insulated Straw Mug | Canyon Coolers Handle Tumbler |

Because of the genericism and functionality of Plaintiffs' claimed trade dress, Plaintiffs have no valid trade dress rights. Even if Plaintiffs had valid trade dress rights to assert, their claims nonetheless fail for lack of any likelihood of consumer confusion. Consumers are used to seeing

[1] *See* Stanley 1913, https://ca.stanley1913.com/products/adventure-quencher-travel-tumbler-40-oz (accessed Dec. 19, 2025); Stanley 1913, https://eu.stanley1913.com/products/the-quencher-h2-0-flowstate%E2%84%A2-tumbler-30-oz (accessed Dec. 19, 2025); Stanley 1913, https://www.stanley1913.com/blogs/my-stanley/national-hydration-day (accessed Dec. 19, 2025); Stanley 1913, https://ca.stanley1913.com/blogs/how-to-guides/left-hand-right-hand (accessed Dec. 19, 2025); Stanley Brand, YouTube, "Soft Matte Is Here" https://www.youtube.com/watch?v=BF2OuJa6Mcg at 0:12 (accessed Dec. 19, 2025).

these design elements in the market and can readily differentiate between products. Indeed, consumers must often differentiate between Plaintiffs' products and third party tumblers bearing the asserted design elements, which are commonly sold alongside Plaintiffs' products at retail. In contrast, Five Below's accused products are only available on the Five Below website and in Five Below stores, where Plaintiffs' products are *not* sold. Additionally, Five Below's accused products sell at a much lower price point than Plaintiffs' products, and the parties' products bear different labels – Plaintiffs' labels and tumblers are, notably, covered in their housemarks and are sold in connection with other marks such as "The Flowstate" and "Quencher 2.0." Finally, the Complaint's emphasis on third parties purportedly referring to Five Below's accused products as "dupes" only evidences that there is not genuine consumer confusion about the source of the parties' products, and that Five Below's products are simply viewed as marketplace alternatives to Plaintiffs' products.

As shown above with trade dress, to the extent Plaintiffs' asserted design patents are valid, their coverage is narrow with a crowded field and functional issues. Further, there are material differences between the accused products and the asserted patents. Those differences include, but are not limited to, the lid and handle designs.

In sum, Plaintiffs know that their Complaint alleges rights in design elements that are generic and/or functional, and which are therefore unprotectable as trade dress or via design patents. Plaintiffs' own advertising and the abundance of the accused design elements in the tumbler marketplace make this much clear. Additionally, Five Below explained the myriad weaknesses of Five Below's claims in a detailed response to a demand letter sent by Plaintiffs in October 2024, to which Plaintiffs never substantively responded. Nonetheless, Plaintiffs conveniently ignore these facts and instead characterize Five Below's legitimate marketplace competition as willful infringement. At its heart, this lawsuit is nothing more than a significant overreach by Plaintiffs to monopolize basic tumbler design features and hinder Five Below's ability to operate in the hydration and tumbler marketplace.

# ANSWER TO COMPLAINT

## INTRODUCTION[2]

1. Plaintiffs bring this action to halt Five Below's ongoing and willful campaign of intellectual property theft and unfair business practices. As alleged herein, Five Below is a serial infringer who offers low-quality "dupes" of successful and distinctive third-party products. Here, Five Below's parasitic copying trades on Plaintiffs' hard-earned goodwill, confuses consumers, and causes irreparable harm to the reputation and distinctiveness of Plaintiffs' iconic Stanley 1913 products, including the well-known and recognizable QUENCHER and ICEFLOW products.

**RESPONSE: The allegations in Paragraph 1 are legal conclusions or relate to the nature of this case, and as such do not require a response. To the extent a response is required, Five Below denies all allegations in Paragraph 1.**

2. Five Below's conduct is neither accidental nor isolated. On information and belief, at least as early as 2024, Five Below began selling a suite of tumblers—including the Hyperquench, Hydraquench, HydraSip, and Hydrachug—that mimic the protected design elements of Plaintiffs' QUENCHER and ICEFLOW products down to their individual aesthetic features. These knockoffs are substantially the same as the ornamental designs claimed in Plaintiffs' registered design patents and are confusingly similar to Plaintiffs' protected trade dress. Five Below compounds the confusion by adopting names that leverage the dominant QUENCH element of Plaintiffs' federally registered QUENCHER mark to falsely suggest an affiliation.

---

[2] Five Below has adopted certain headings from the Complaint solely for ease of reference. Five Below's use of these headings does not constitute any admission by Five Below, and Five Below does not understand any of the headings used in the Complaint to include affirmative allegations. To the extent any heading in the Complaint includes any allegation, Five Below denies the same.

**RESPONSE: Five Below admits that it has sold the Hyperquench, Hydraquench, HydraSip, and Hydrachug tumblers since at least as early as 2024. Five Below denies that all sales of the accused products involved use of the "Hyperquench" or "Hydraquench" names in commerce. The remaining allegations in Paragraph 2 are legal conclusions, and as such do not require a response. To the extent a response is required, Five Below denies all remaining allegations in Paragraph 2.**

3. Five Below's infringement is also willful. After receiving a detailed demand letter identifying Plaintiffs' patents, trademarks, and trade dress, Five Below refused to stop its infringement and instead expanded the line of knockoff products, all while aggressively marketing the dupes. Through these actions, Five Below intentionally seeks to divert sales, confuse customers, undermine Plaintiffs' brands, and exploit the extraordinary consumer goodwill that Plaintiffs have worked tirelessly to develop.

**RESPONSE: Five Below admits that it received a demand letter from Plaintiffs, and that it rejected Plaintiffs' demands in a detailed response that outlined the lack of merit in PMI's claims and the weakness of PMI's asserted intellectual property rights. Five Below denies the remaining allegations in Paragraph 3.**

4. To remedy Five Below's wrongful conduct, Plaintiffs now bring claims for design patent infringement, trade dress and trademark infringement, false designation of origin, unfair competition, unfair business practices, and unjust enrichment.

**RESPONSE: The allegations in Paragraph 4 relate to the nature of this action and do not require a response. To the extent a response is required, Five Below admits that Plaintiffs assert claims of design patent infringement, trade dress and trademark infringement, false designation of origin, unfair competition, unfair business practices, and unjust enrichment in**

**the Complaint. Five Below denies that it is liable, and that Plaintiffs are entitled to any relief, for Plaintiffs' asserted claims. Five Below denies all other allegations and legal conclusions set forth in Paragraph 4.**

**THE PARTIES**

5. Plaintiff Pacific Market International, LLC ("PMI") is a limited liability company formed under the laws of Washington with a principal place of business in Seattle, Washington.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 5 and therefore denies those allegations.**

6. Plaintiff PMI WW Brands, LLC ("PMI WW Brands") is a limited liability company formed under the laws of Delaware with a principal place of business in Seattle, Washington. PMI WW Brands uses the intellectual property rights at issue in this Complaint with permission of PMI.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 6 and therefore denies those allegations.**

7. Defendant Five Below, Inc. ("Five Below") is a corporation formed under the laws of Pennsylvania with a principal place of business in Philadelphia, Pennsylvania.

**RESPONSE: Five Below admits the allegations set forth in Paragraph 7.**

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121, as this action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271, and the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**RESPONSE: The allegations set forth in Paragraph 8 relate to the nature of the case or are legal conclusions, and as such do not require a response. To the extent a response is**

**required, Five Below admits that Plaintiffs have asserted claims under the Patent Statute, Lanham Act, and California state law. Five Below denies that it is liable, or that Plaintiffs are entitled to any relief, for their asserted claims. Five Below does not dispute that this Court has subject matter jurisdiction over Plaintiffs' federal claims. Five Below denies all remaining allegations and legal conclusions set forth in Paragraph 8.**

9. This Court also independently has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between the parties. PMI is incorporated in Washington and PMI WW Brands is incorporated in Delaware. Both maintain their principal places of business in Washington and have substantial business operations in this District. Defendant is a citizen of the State of Pennsylvania (where it is incorporated and maintains its principal place of business). The amount in controversy for Plaintiffs' claims exceeds $75,000, exclusive of interest and costs.

**RESPONSE: The allegations set forth in Paragraph 9 relate to the nature of the case or are legal conclusions, and as such do not require a response. To the extent a response is required, Five Below admits that it is incorporated in Pennsylvania and maintains its principal place of business in Pennsylvania. Five Below does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 9 and therefore denies those allegations.**

10. This Court has personal jurisdiction over Defendant because Defendant conducts business in this District, including by operating storefronts and online retail operations that offer the products at issue, and has otherwise made or established contacts within the State of California sufficient to permit the exercise of personal jurisdiction.

**RESPONSE: The allegations set forth in Paragraph 10 are legal conclusions, and as such do not require a response. Five Below does not dispute that it is subject to personal**

**jurisdiction in this Court. To the extent a further response is required, Five Below denies all allegations and legal conclusions set forth in Paragraph 10.**

11. The United States District Court for the Northern District of California is a proper venue pursuant to at least 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1400(b) because Defendant has regular and established places of business in this District, and because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this District.

**RESPONSE: The allegations set forth in Paragraph 11 are legal conclusions, and as such do not require a response. Five Below does not dispute that venue is appropriate in this District. To the extent a further response is required, Five Below denies all allegations and legal conclusions set forth in Paragraph 11.**

## FACTS

### Plaintiffs' Business and Renowned Products

12. PMI WW Brands designs, manufactures, markets, and sells industry-leading drinkware, foodware, and mobility and storage products that have long enjoyed a reputation for excellence and durability, including under the iconic Stanley 1913 brand.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 12 and therefore denies those allegations.**

13. Plaintiffs' long history dates to 1913 when founder William Stanley, Jr., seeking to create a product that would keep his coffee warm throughout the day, invented the first all-steel vacuum bottle.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 13 and therefore denies those allegations.**

14. In the century since, Plaintiffs expanded their business to encompass a wide range of products—including but not limited to bottles, thermoses, tumblers, coolers, carriers, cups, and accessories—that have evolved to meet consumers' needs.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 14 and therefore denies those allegations.**

15. Today, Plaintiffs' products are designed for use both inside and outside the home and are constructed with the utmost attention to sustainability and waste reduction.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 15 and therefore denies those allegations.**

16. Plaintiffs' products are sold online and in retail outlets throughout the United States and around the world.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 16 and therefore denies those allegations.**

17. Plaintiffs' QUENCHER and ICEFLOW tumblers, offered in a variety of sizes and colors, are among their most popular products, and both are widely recognized by consumers.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 17 and therefore denies those allegations.**

18. Plaintiffs' products have been featured in collaborations with third-party brands, athletes, and celebrities, including Barbie®, LoveShackFancy®, Post Malone, Lainey Wilson, Lionel Messi, Caitlin Clark, and Olivia Rodrigo.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 18 and therefore denies those allegations.**

19. Plaintiffs have received significant media attention for their innovative products and designs, including by the New York Times, The Wall Street Journal, Vogue, WWD, and other national outlets. Time recognized Plaintiffs as one of the Time100 Most Influential Companies in 2024.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 19 and therefore denies those allegations.**

20. A version of Plaintiffs' QUENCHER tumbler is the best seller in Amazon's "Tumblers & Water Glasses" category, and Plaintiffs' products also account for four of the top ten slots.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 20 and therefore denies those allegations.**

21. Representations of the QUENCHER and ICEFLOW tumblers are pictured below:




**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 21 and therefore denies those allegations.**

22. PMI owns multiple patents and trademarks in connection with its well-known QUENCHER and ICEFLOW products.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 22 and therefore denies those allegations.**

**Plaintiffs’ Design Patent Rights**

23. PMI has protected its innovative designs through many design patents issued by the United States Patent and Trademark Office, including U.S. Patent Nos. D805,838 (“the D’838 Patent”) and D955,173 (“the D’173 Patent”) (collectively, “the Asserted Patents”). PMI owns all right, title, and interest in and to the Asserted Patents. An exemplary figure from each patent is below.

| D’838 Patent | D’173 Patent |
|---|---|
|  FIG. 1 |  FIG. 9 |

**RESPONSE: The allegations in Paragraph 23 contain legal conclusions relating to design patent protectability and do not require a response. To the extent a response is required, Five Below admits that Paragraph 23 appears to reproduce images of Figure 1 from the ’838 patent and of Figure 9 from the ’173 Patent. Five Below denies all legal conclusions set forth in Paragraph 23. Five Below does not have sufficient knowledge or information as to the truth of any remaining allegations set forth in Paragraph 23 and denies them as a result.**

**Plaintiff’s Trade Dress and Trademark Rights**

24. PMI also owns the trade dress reflected in the QUENCHER and ICEFLOW tumblers, as well as the marks the products are offered under.

**RESPONSE: The allegations in Paragraph 24 contain legal conclusions relating to trade dress eligibility and protection and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 24.**

25. In particular, the trade dress for the QUENCHER covers the product's unique and distinctive design elements, including, but not limited to, its squared-off handle, the metal band between its cup and lid, and the separate strip at the top of its lid (the "Quencher Trade Dress").

**RESPONSE: The allegations in Paragraph 25 contain legal conclusions relating to trade dress eligibility and protection and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 25.**

26. The Quencher Trade Dress is nonfunctional.

**RESPONSE: The allegations in Paragraph 26 contain legal conclusions relating to trade dress eligibility and protection and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 26.**

27. The specific combination, placement, and appearance of the features of the Quencher Trade Dress are not essential to the use or purpose of the products. Equally functional alternative designs are available to competitors.

**RESPONSE: The allegations in Paragraph 27 contain legal conclusions relating to trade dress eligibility and protection and do not require a response. To the extent a response is**

**required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 27.**

28. Similarly, the trade dress for the ICEFLOW tumbler covers the product's own unique and distinctive design elements, including, but not limited to, its five-sided hexagonal handle, the metal band between its cup and lid, and its distinctive flip-straw feature (the "IceFlow Trade Dress" and, together with the Quencher Trade Dress, the "Trade Dress").

**RESPONSE: The allegations in Paragraph 28 contain legal conclusions relating to trade dress eligibility and protection and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 28.**

29. The IceFlow Trade Dress is nonfunctional.

**RESPONSE: The allegations in Paragraph 29 contain legal conclusions relating to trade dress eligibility and protection and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 29.**

30. The specific combination, placement, and appearance of the features of the IceFlow Trade Dress are not essential to the use or purpose of the products, and equally functional alternative designs are available to competitors.

**RESPONSE: The allegations in Paragraph 30 contain legal conclusions relating to trade dress eligibility and protection and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 30.**

31. The inspiration behind the design of the Trade Dress is, in part, a nod to the Classic Legendary thermos designed by William Stanley, Jr., which when turned upside down is seen in the body design of the Trade Dress.



**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 31 and therefore denies those allegations.**

32. The Trade Dress has acquired secondary meaning. As a result of Plaintiffs' extensive marketing, advertising, and commercial success, consumers have come to associate the Trade Dress with Plaintiffs as the source of the respective products. The Trade Dress is widely recognized by the public as identifying Plaintiffs' products.

**RESPONSE: The allegations in Paragraph 32 contain legal conclusions relating to trade dress eligibility and protection and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 32.**

33. Plaintiffs have made substantial investments each year in advertising and promoting the QUENCHER and ICEFLOW products and the associated Trade Dress.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 33 and therefore denies those allegations.**

34. The Plaintiffs' Stanley 1913 Instagram page has 1.6 million followers and posts on the page frequently feature the Trade Dress. Corresponding pages on Facebook and X (formerly Twitter) also highlight the Trade Dress to nearly 500,000 collective followers.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 34 and therefore denies those allegations.**

35. PMI owns all rights, title, and interest in U.S. Trademark Registration No. 7,405,350 for QUENCHER in Class 21 (the "QUENCHER Mark") and for 6,397,961 for ICEFLOW in Class 21 (the "ICEFLOW Mark") (collectively, the "Marks").

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 35 and therefore denies those allegations.**

36. The Marks are valid and subsisting on the Principal Register.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 36 and therefore denies those allegations.**

37. Plaintiffs offer the QUENCHER tumblers under the QUENCHER Mark, and the ICEFLOW tumblers under the ICEFLOW Mark.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 37 and therefore denies those allegations.**

38. Plaintiffs have invested significant resources in the design, development, marketing, promotion, and protection of their QUENCHER and ICEFLOW tumblers.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 38 and therefore denies those allegations.**

39. The QUENCHER and ICEFLOW tumblers have achieved considerable market success and recognition due to their popularity among a wide range of consumers.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 39 and therefore denies those allegations.**

40. As a result of Plaintiffs' efforts, including extensive marketing and enormous commercial success, the Marks and the distinctive appearance of the Trade Dress have come to signify Plaintiffs as the sole source of the QUENCHER and ICEFLOW tumblers.

**RESPONSE: The allegations in Paragraph 40 contain legal conclusions relating to trade dress eligibility and protection and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 40.**

41. The QUENCHER and ICEFLOW tumblers are sold nationwide, including in California and this District.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 41 and therefore denies those allegations.**

42. The products are sold through a variety of channels, including direct-to-consumer, at the Stanley 1913 web site, authorized retailers, and online platforms.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 42 and therefore denies those allegations.**

43. Plaintiffs have developed substantial goodwill in their trademarks, trade dress, and product designs.

**RESPONSE: The allegations in Paragraph 43 contain legal conclusions relating to trade dress eligibility and protection and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 43.**

44. Plaintiffs' intellectual property is a valuable asset and a key driver of their business.

**RESPONSE: The allegations in Paragraph 44 contain legal conclusions relating to trade dress eligibility and protection and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 44.**

**Five Below's Willful and Infringing Conduct**

45. Defendant Five Below is a discount retailer with locations in California and around the United States.

**RESPONSE: Five Below admits the allegations set forth in Paragraph 45.**

46. Five Below's business is based, in part, on the sale of knockoffs, or "dupes," of popular third-party products.

**RESPONSE: Five Below denies all allegations set forth in Paragraph 46.**

47. Five Below has been frequently accused of violating the patents, trade dress, trademarks, and other intellectual property of third-party businesses, including in multiple cases brought before federal courts.

**RESPONSE: Five Below admits that it has been the defendant in unrelated intellectual property actions brought by third parties. Five Below denies all remaining allegations set forth in Paragraph 47.**

48. On information and belief, in or about early 2024, Five Below began offering Hyperquench, Hydraquench, HydraSip, and Hydrachug tumblers (the "Accused Products") in its stores, including in California, and on its website. Five Below uses a picture of the Hydraquench tumbler to identify the "Tumblers & Sippers" category on its website (as seen below), and otherwise prominently features Accused Products in its marketing efforts.




**RESPONSE: Five Below admits that it has sold the Hyperquench, Hydraquench, HydraSip, and Hydrachug since at least 2024 on its website and in stores. Five Below denies all remaining allegations set forth in Paragraph 48.**

49. The Accused Products are virtually identical in overall design to Plaintiffs' QUENCHER and ICEFLOW tumblers, including the distinctive combination and arrangement of the handle, band, and/or lid features that comprise the Trade Dress. A comparison of the QUENCHER and ICEFLOW tumblers and the Accused Products can be seen below:

PMI's QUENCHER Tumblers




Five Below's Hydraquench Tumblers



PMI's ICEFLOW Tumbler



Five Below's HydraSip Tumbler



**RESPONSE: Five Below does not have sufficient knowledge or information regarding the screenshots Plaintiffs reference in Paragraph 49 and denies all allegations set forth in**

**Paragraph 49 as a result. The allegations in Paragraph 49 also contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 49.**

50. The designs of Five Below's Hydraquench products are substantially the same as the design claimed in the D'838 Patent. Side-by-side comparisons of an exemplary Hydraquench tumbler from Five Below to the D'838 Patent reveal Five Below's misappropriation of PMI's patented design.

| PMI's D'838 Patent | Exemplary Hydraquench Product |
| --- | --- |
|  FIG. 1 |  |

| PMI's D'838 Patent | Exemplary Hydraquench Product |
|---|---|
|  FIG. 4 |  |
|  FIG. 7 |  |

**RESPONSE: Five Below does not have sufficient knowledge or information regarding the screenshots Plaintiffs reference in Paragraph 50 and denies all allegations set forth in Paragraph 50 as a result. The allegations in Paragraph 50 also contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 50.**

51. The designs of Five Below's HydraSip products are substantially the same as the design claimed in the D'173 Patent. Side-by-side comparisons of an exemplary HydraSip product from Five Below to the D'173 Patent, in particular its second embodiment, reveal Five Below's misappropriation of PMI's patented design.

| PMI's D'173 Patent | Exemplary HydraSip Product |
|---|---|
|  FIG. 9 |  |
|  FIG. 11 |  |

| PMI's D'173 Patent | Exemplary HydraSip Product |
|---|---|
|  FIG. 13 |  |
|  FIG. 15 |  |

**RESPONSE: Five Below does not have sufficient knowledge or information regarding the screenshots Plaintiffs reference in Paragraph 51 and denies all allegations set forth in**

**Paragraph 51 as a result. The allegations in Paragraph 51 also contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 51.**

52. The design of the Accused Products is substantially the same as the ornamental designs claimed in the Asserted Patents.

**RESPONSE: The allegations in Paragraph 52 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 52.**

53. The Accused Products include a squared-off or hexagonal handle, a metal band between cup and lid, and a distinctive rotating or flip-straw lid feature, mimicking key elements of the Trade Dress.

**RESPONSE: The allegations in Paragraph 53 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 53.**

54. The overall look and feel of the Accused Products is confusingly similar to the Trade Dress, such that ordinary consumers are likely to believe that the Accused Products are associated with, sponsored by, or approved by Plaintiffs.

**RESPONSE: The allegations in Paragraph 54 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 54.**

55. Five Below's use of the Hyperquench and Hydraquench marks is also likely to confuse consumers.

**RESPONSE: . Five Below denies that all sales of the accused products involved use of the "Hyperquench" or "Hydraquench" names in commerce. The remaining allegations in Paragraph 55 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 55.**

56. The QUENCHER Mark is well-known and widely recognized by consumers in connection with the QUENCHER product.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 56 and therefore denies those allegations.**

57. The Hyperquench and Hydraquench marks incorporate QUENCH, the dominant element of the QUENCHER Mark.

**RESPONSE: Five Below admits that the names "Hyperquench" and "Hydraquench" incorporate the word "quench," which is a commonly used word in the hydration industry. Five Below denies that all sales of the accused products involved use of the "Hyperquench" or "Hydraquench" names in commerce. The remaining allegations in Paragraph 57 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 57.**

58. The use of "Hyperquench"" and "Hydraquench creates a confusingly similar commercial impression to the QUENCHER Mark.

**RESPONSE: Five Below denies that all sales of the accused products involved use of the "Hyperquench" or "Hydraquench" names in commerce. The remaining allegations in Paragraph 58 contain legal conclusions and do not require a response. To the extent a response**

**is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 58.**

59. Five Below's use of the Hyperquench and Hydraquench marks is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, or affiliation of the corresponding product with Plaintiffs.

**RESPONSE: Five Below denies that all sales of the accused products involved use of the "Hyperquench" or "Hydraquench" names in commerce. The remaining allegations in Paragraph 59 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 59.**

60. Five Below's Accused Products are sold in the same channels of trade as Plaintiffs' products.

**RESPONSE: The allegations in Paragraph 60 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 60.**

61. The Accused Products are marketed to the same classes of consumers as Plaintiffs' products.

**RESPONSE: The allegations in Paragraph 61 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 61.**

62. Five Below's conduct is willful, intentional, and in reckless disregard of Plaintiffs' rights.

**RESPONSE: The allegations in Paragraph 62 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 62.**

63. Despite receiving a letter from PMI in October 2024, which outlined their patent and trademark rights and demanded that Five Below cease its unlawful activities, Five Below refused to comply, denied liability, and continued to sell the Accused Products after acknowledging receipt of Plaintiffs' letter.

**RESPONSE: Five Below admits that it received a demand letter from Plaintiffs, and that it rejected Plaintiffs' demands in a detailed response that outlined the lack of merit in PMI's claims and the weakness of PMI's asserted intellectual property rights. Five Below denies the remaining allegations in Paragraph 63.**

64. On information and belief, Five Below even expanded its line of infringing products after acknowledging receipt of PMI's letter. For example, Five Below began selling a new Hydrachug product and a 20 oz. Hyperquench product—incorporating distinctive design elements and color schemes matching ICEFLOW products and 20 oz. QUENCHER products sold by Plaintiffs—after receiving Plaintiffs' letter.

**RESPONSE: Five Below denies that it only began selling the 20 oz. Hyperquench products after receiving the demand letter from Plaintiffs. The remaining allegations in Paragraph 64 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 64.**

65. Five Below's efforts to imitate Plaintiffs' ICEFLOW products compounds the likelihood of confusion caused by its imitation of Plaintiffs' QUENCHER and ICEFLOW tumblers,

as well as the harm caused by Five Below's infringement of the Trade Dress and QUENCHER Mark generally.

**RESPONSE: The allegations in Paragraph 65 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 65.**

66. Five Below's parasitic and intentional copying of Plaintiffs' Trade Dress is further evidenced by the following examples of infringing products, which are some of many that outright mimic Plaintiffs' products down to the selection of colors, gradients, and finishes:

| Plaintiffs' Official Products | Five Below's Dupe Products |
| --- | --- |






**RESPONSE: Five Below does not have sufficient knowledge or information regarding the screenshots Plaintiffs reference in Paragraph 66 and denies all allegations set forth in Paragraph 66 as a result. The allegations in Paragraph 66 also contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 66.**

67. The copying is so obvious and apparent that multiple third parties have reported on the clear similarities between the Trade Dress and the Accused Products, including Business Insider, Parade, and The Kitchn.

**RESPONSE: Five Below denies that it copied Plaintiffs' designs. Five Below does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 56 and therefore denies all remaining allegations.**

68. Five Below encourages others to violate the Plaintiffs' Trade Dress through an affiliate marketing program that pays third parties to promote the Accused Products.

**RESPONSE: Five Below denies all allegations set forth in Paragraph 68.**

69. Five Below's infringing acts have caused and, unless restrained, will continue to cause irreparable harm to Plaintiffs, their reputation, and the goodwill embodied in the Trade Dress and the QUENCHER Mark. Among other things, Five Below's conduct has led to lost sales, actual or likely consumer confusion, harm to Plaintiffs' relationships with customers and business partners, damage to Plaintiffs' reputation, and costs and expenses incurred by Plaintiffs in investigating and addressing the infringement.

**RESPONSE: The allegations in Paragraph 69 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 69.**

70. As a result, Plaintiffs have suffered and will continue to suffer damages in an amount to be determined at trial and irreparable harm for which there is no adequate remedy at law.

**RESPONSE: The allegations in Paragraph 70 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 70.**

71. Plaintiffs are entitled to injunctive relief to prevent further harm, to recover damages, including statutory and/or enhanced damages, as well as attorneys' fees and costs, preand post-judgment interest, and such other relief as the Court deems just and proper.

**RESPONSE: The allegations in Paragraph 71 contain legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 71.**

## CLAIMS FOR RELIEF

### Count I

### Patent Infringement of the D'838 Patent in Violation of 35 U.S.C. § 271

72. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 71 as if fully set forth herein.

**RESPONSE: Five Below incorporates by reference its responses to Paragraphs 1 through 71 as if set forth fully herein.**

73. PMI is the owner of all right, title, and interest in and to the D'838 Patent, issued on December 26, 2017, entitled "Beverage Container." The D'838 Patent claims the ornamental design for a tumbler lid as shown and described in the patent. The D'838 Patent is attached as Exhibit 1.

**RESPONSE: Five Below admits that a purported copy of the D'838 Patent is attached as Exhibit 1 to the Complaint. The allegations in Paragraph 73 contain legal conclusions and do not require a response. To the extent a response is required, Five Below is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore denies them.**

74. Five Below has infringed and continues to infringe the D'838 Patent by making, using, selling and/or offering to sell in the United States, and/or importing into the United States, the Hydraquench products discussed in the Complaint, which embody the design covered by the D'838 Patent. Five Below's infringing activities violate 35 U.S.C. § 271.

**RESPONSE: The allegations in Paragraph 74 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 74.**

75. Five Below's infringement is without the consent or other authority of Plaintiffs. Five Below is not licensed under the D'838 Patent.

**RESPONSE: The allegations in Paragraph 75 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 75.**

76. Plaintiffs have been damaged by Five Below's act in an amount as yet unknown. Plaintiffs have no adequate legal remedy. Unless enjoined by this Court, Five Below's continued acts of infringement will cause Plaintiffs substantial and irreparable harm. Under 35 U.S.C. § 283, Plaintiffs are entitled to an injunction barring Five Below from further infringement of the D'838 Patent.

**RESPONSE: The allegations in Paragraph 76 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 76.**

77. Five Below's infringement is willful and deliberate, as Five Below had knowledge of PMI's D'838 patent at least as of October 31, 2024, when Plaintiffs sent their demand letter to Five Below, yet continued to sell products utilizing the infringing design despite the clear similarity and high likelihood that its actions constitute infringement. Plaintiffs are therefore entitled to increased damages pursuant to 35 U.S.C. § 284. Plaintiffs are also entitled to attorneys' fees and costs in prosecuting this action pursuant to 35 U.S.C. § 285, as this is an exceptional case.

**RESPONSE: Five Below admits it received a demand letter from Plaintiffs identifying the D'838 Patent, and that it rejected Plaintiffs' demands in a detailed response that outlined the lack of merit in PMI's claims and the weakness of PMI's asserted intellectual property rights. The remailing allegations in Paragraph 77 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 77.**

**Count II**

**Patent Infringement of the D'173 Patent in Violation of 35 U.S.C. § 271**

78. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 77 as if fully set forth herein.

**RESPONSE: Five Below incorporates by reference its responses to Paragraphs 1 through 77 as if set forth fully herein.**

79. PMI is the owner of all right, title, and interest in and to the D'173 Patent, issued on June 21, 2022, entitled "Beverage Container." The D'173 Patent claims the ornamental design for a beverage container as shown and described in the patent. The D'173 Patent is attached as Exhibit 2.

**RESPONSE: Five Below admits that a purported copy of the D'173 Patent is attached as Exhibit 2 to the Complaint. The allegations in Paragraph 79 contain legal conclusions and do not require a response. To the extent a response is required, Five Below is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of the Complaint and therefore denies them.**

80. Five Below has infringed and continues to infringe the D'173 Patent by making, using, selling and/or offering to sell in the United States, and/or importing into the United States, the HydraSip products discussed in this Complaint, which embody the design covered by the D'173 Patent. Five Below's infringing acts violate 35 U.S.C. § 271.

**RESPONSE: The allegations in Paragraph 80 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 80.**

81. Five Below's infringement is without the consent or other authority of Plaintiffs. Five Below is not licensed under the D'173 Patent.

**RESPONSE: The allegations in Paragraph 81 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 81.**

82. Plaintiffs have been damaged by Five Below's acts in an amount as yet unknown. Plaintiffs have no adequate legal remedy. Unless enjoined by this Court, Five Below's continued acts of infringement will cause Plaintiffs substantial and irreparable harm. Under 35 U.S.C. § 283, Plaintiffs are entitled to an injunction barring Five Below from further infringement of the D'173 Patent.

**RESPONSE: The allegations in Paragraph 82 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 82.**

83. Five Below's infringement is willful and deliberate, as Five Below had knowledge of PMI's D'173 patent at least since October 31, 2024, when PMI sent its demand letter to Five Below, yet continued to sell products utilizing the infringing design despite the clear similarity and high likelihood that its actions constitute infringement. Plaintiffs are therefore entitled to increased damages pursuant to 35 U.S.C. § 284. Plaintiffs are also entitled to attorneys' fees and costs in prosecuting this action pursuant to 35 U.S.C. § 285, as this is an exceptional case.

**RESPONSE: Five Below admits it received a demand letter from Plaintiffs identifying the D'173 Patent, and that it rejected Plaintiffs' demands in a detailed response that outlined the lack of merit in PMI's claims and the weakness of PMI's asserted intellectual property rights. The remailing allegations in Paragraph 83 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 83.**

**Count III**

**Trade Dress Infringement in Violation of Violation of 15 U.S.C. § 1114**

84. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 83 as if fully set forth herein.

**RESPONSE: Five Below incorporates by reference its responses to Paragraphs 1 through 83 as if set forth fully herein.**

85. Plaintiffs' QUENCHER and ICEFLOW tumblers have distinctive trade dress that serves to identify Plaintiffs as the source of these products.

**RESPONSE: The allegations in Paragraph 85 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 85.**

86. The Trade Dress is non-functional and has acquired secondary meaning through Plaintiffs' extensive marketing, promotion, and sales of their products.

**RESPONSE: The allegations in Paragraph 86 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 86.**

87. Plaintiffs have spent significant resources marketing and promoting the QUENCHER and ICEFLOW tumblers, which have each achieved considerable market success and recognition due to their popularity among a wide range of consumers.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 87 and therefore denies those allegations.**

88. As a result of Plaintiffs' marketing efforts and the products' commercial success, the Trade Dress is widely recognized as a source identifier of the QUENCHER and ICEFLOW tumblers.

**RESPONSE: The allegations in Paragraph 88 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 88.**

89. Five Below has used and continues to use trade dress that is confusingly similar to the Trade Dress in connection with the offering for sale, sale, marketing, advertising, and promotion of its Hyperquench, Hydraquench, HydraSip, and Hydrachug tumblers.

**RESPONSE: The allegations in Paragraph 89 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 89.**

90. Five Below's Hyperquench, Hydraquench, HydraSip, and Hydrachug tumblers mimic the distinctive trade dress of PMI's QUENCHER and ICEFLOW tumblers, respectively.

**RESPONSE: The allegations in Paragraph 90 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 90.**

91. Five Below's use of trade dress that is confusingly similar to the Trade Dress is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Five Below with Plaintiffs, or as to the origin, sponsorship, or approval of Five Below's products by Plaintiffs.

**RESPONSE: The allegations in Paragraph 91 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 91.**

92. Five Below's actions constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

**RESPONSE: The allegations in Paragraph 92 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 92.**

93. Five Below's infringement has been willful and deliberate, as Five Below had knowledge of Plaintiffs' products and trade dress rights, yet continued to sell and even introduced new products bearing the infringing trade dress.

**RESPONSE: The allegations in Paragraph 93 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 93.**

94. As a direct and proximate result of Five Below's trade dress infringement, Plaintiffs have suffered and will continue to suffer damages, including lost sales, damage to their reputation and goodwill, and dilution of their distinctive Trade Dress.

**RESPONSE: The allegations in Paragraph 94 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 94.**

95. Plaintiffs have no adequate remedy at law and will continue to suffer irreparable harm unless Five Below is enjoined from further infringement of the Trade Dress.

**RESPONSE: The allegations in Paragraph 95 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 95.**

## Count IV

## Trademark Infringement in Violation of 15 U.S.C. § 1114

96. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 95 as if fully set forth herein.

**RESPONSE: Five Below incorporates by reference its responses to Paragraphs 1 through 96 as if set forth fully herein.**

97. PMI owns valid and protectable registered trademarks, including the QUENCHER Mark (U.S. Registration No. 7405350).

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 97 and therefore denies those allegations.**

98. Plaintiffs have continuously used the QUENCHER Mark in commerce in connection with their tumbler products.

**RESPONSE: Five Below does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 98 and therefore denies those allegations.**

99. Five Below was aware of Plaintiffs' rights in the QUENCHER Mark when it selected the "Hydraquench" mark, and did so with the intent to confuse consumers.

**RESPONSE: Five Below denies all allegations set forth in Paragraph 99.**

100. Five Below has used and continues to use the confusingly similar "Hyperquench"" and "Hydraquench" marks in commerce in connection with the sale, offering for sale, distribution, and advertising of its tumbler products without Plaintiffs' consent or authorization.

**RESPONSE: Five Below admits that it continues to sell "Hydraquench" products. The remaining allegations in Paragraph 100 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 100.**

101. Five Below's use of "Hyperquench"" and "Hydraquench" is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of Five Below's products.

**RESPONSE: The allegations in Paragraph 101 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 101.**

102. The "Hyperquench"" and "Hydraquench" marks are similar to PMI's QUENCHER Mark in appearance, sound, and commercial impression.

**RESPONSE: The allegations in Paragraph 102 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 102.**

103. Five Below's tumbler products are identical or highly similar to PMI's tumbler products.

**RESPONSE: The allegations in Paragraph 103 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 103.**

104. Five Below and Plaintiffs sell their products through similar channels of trade and to similar classes of consumers.

**RESPONSE: The allegations in Paragraph 104 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 104.**

105. Five Below's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**RESPONSE: The allegations in Paragraph 105 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 105.**

106. Five Below's infringement has been willful and deliberate, as Five Below had knowledge of PMI's trademark rights at least as of October 31, 2024, when Plaintiffs sent their demand letter to Five Below, yet continued to sell products bearing the infringing mark.

**RESPONSE: Five Below admits that it received a demand letter from Plaintiffs, and that it rejected Plaintiffs' demands in a detailed response that outlined the lack of merit in PMI's claims and the weakness of PMI's asserted intellectual property rights. The remaining allegations in Paragraph 106 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 106.**

107. Five Below's conduct is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

**RESPONSE: The allegations in Paragraph 107 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 107.**

108. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Five Below's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**RESPONSE: The allegations in Paragraph 108 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 108.**

## Count V

## False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125

109. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 108 as if fully set forth herein.

**RESPONSE: Five Below incorporates by reference its responses to Paragraphs 1 through 108 as if set forth fully herein.**

110. Plaintiffs' QUENCHER and ICEFLOW tumblers have distinctive trade dress that serves to identify Plaintiffs as the source of these products.

**RESPONSE: The allegations in Paragraph 110 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 110.**

111. The trade dress of Plaintiffs' QUENCHER tumbler includes a squared-off handle, a metal band between the cup and lid, and a separate strip at the top of the lid.

**RESPONSE: The allegations in Paragraph 111 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 111.**

112. The trade dress of Plaintiffs' ICEFLOW tumbler includes a five-sided hexagonal handle, a metal band between the cup and lid, and a flip-straw feature.

**RESPONSE: The allegations in Paragraph 112 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 112.**

113. Plaintiffs' trade dress is non-functional and has acquired secondary meaning through Plaintiffs' extensive marketing, promotion, and sales of their products.

**RESPONSE: The allegations in Paragraph 113 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 113.**

114. Five Below has used and continues to use false designations of origin, false descriptions, and false representations in connection with the offering for sale, sale, marketing, advertising, and promotion of its Hyperquench, Hydraquench, HydraSip, and Hydrachug tumblers.

**RESPONSE: The allegations in Paragraph 114 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 114.**

115. Five Below was aware of Plaintiffs' trade dress and adopted its nearly identical design with the intent to confuse and deceive consumers.

**RESPONSE: The allegations in Paragraph 115 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 115.**

116. Five Below's Hyperquench, Hydraquench, HydraSip, and Hydrachug tumblers mimic the distinctive trade dress of Plaintiffs' QUENCHER and ICEFLOW tumblers, respectively.

**RESPONSE: The allegations in Paragraph 116 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 116.**

117. Five Below's use of trade dress that is confusingly similar to the Trade Dress is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Five Below with Plaintiffs, or as to the origin, sponsorship, or approval of Five Below's products by Plaintiffs.

**RESPONSE: The allegations in Paragraph 117 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 117.**

118. Five Below's actions constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125.

**RESPONSE: The allegations in Paragraph 118 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 118.**

119. Five Below's infringement has been willful and deliberate, as Five Below had knowledge of Plaintiffs' trade dress rights at least as of October 31, 2024, when Plaintiffs sent their demand letter to Five Below, yet continued to sell products bearing the infringing trade dress.

**RESPONSE: Five Below admits that it received a demand letter from Plaintiffs, and that it rejected Plaintiffs' demands in a detailed response that outlined the lack of merit in PMI's claims and the weakness of PMI's asserted intellectual property rights. The remaining allegations in Paragraph 119 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 119.**

120. Five Below's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to its goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

**RESPONSE: The allegations in Paragraph 120 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 120.**

121. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Five Below's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**RESPONSE: The allegations in Paragraph 121 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 121.**

**Count VI**

**Unfair Competition Under California Common Law**

122. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 121 as if fully set forth herein.

**RESPONSE: Five Below incorporates by reference its responses to Paragraphs 1 through 121 as if set forth fully herein.**

123. Plaintiffs have established substantial goodwill and reputation in connection with their QUENCHER and ICEFLOW tumblers.

**RESPONSE: The allegations in Paragraph 123 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 123.**

124. Five Below has engaged in conduct that is likely to mislead the public into believing that its Hyperquench, Hydraquench, HydraSip, and Hydrachug tumblers are associated with Plaintiffs.

**RESPONSE: The allegations in Paragraph 124 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 124.**

125. Five Below's conduct includes copying the distinctive design elements and trade dress of Plaintiffs' products and using a name that is confusingly similar to Plaintiffs' QUENCHER mark.

**RESPONSE: Five Below denies that it copied Plaintiffs' products. The remaining allegations in Paragraph 125 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 125.**

126. Five Below's conduct has been willful and calculated to exploit Plaintiffs' reputation and goodwill.

**RESPONSE: The allegations in Paragraph 126 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 126.**

127. Five Below's conduct has harmed Plaintiffs' business in the State of California by falsely suggesting to consumers that it is the source of, had sponsored or endorsed, or was otherwise affiliated with Five Below's inferior Hyperquench, Hydraquench, HydraSip, and Hydrachug products.

**RESPONSE: The allegations in Paragraph 127 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 127.**

128. Five Below's conduct constitutes unfair competition under the common law of California.

**RESPONSE: The allegations in Paragraph 128 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 128.**

129. Five Below's actions have caused and will continue to cause Plaintiffs to suffer damages, including lost sales, and damage to their reputation and goodwill.

**RESPONSE: The allegations in Paragraph 129 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 129.**

**Count VII**

**Unfair Business Practices in Violation of California Business & Professions Code § 17200**

130. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 129 as if fully set forth herein.

**RESPONSE: Five Below incorporates by reference its responses to Paragraphs 1 through 129 as if set forth fully herein.**

131. Five Below has engaged in unlawful, unfair, and fraudulent business practices in violation of California Business & Professions Code § 17200.

**RESPONSE: The allegations in Paragraph 131 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 131.**

132. Five Below's business practices are unlawful because they constitute patent infringement, trademark infringement, and false designation of origin in violation of federal law.

**RESPONSE: The allegations in Paragraph 132 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 132.**

133. Five Below's business practices are unfair because they threaten an incipient violation of the unfair competition laws, violate the policy and spirit of these laws, and significantly threaten or harm competition.

**RESPONSE: The allegations in Paragraph 133 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 133.**

134. Five Below's business practices are fraudulent because they are likely to deceive consumers into believing that Five Below's Hyperquench, Hydraquench, HydraSip, and Hydrachug tumblers are associated with, sponsored by, or approved by Plaintiffs.

**RESPONSE: The allegations in Paragraph 134 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 134.**

135. Five Below's unlawful, unfair, and fraudulent business practices have occurred in the conduct of its business selling tumblers in California.

**RESPONSE: The allegations in Paragraph 135 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 135.**

136. As a direct and proximate result of Five Below's unlawful, unfair, and fraudulent business practices, Plaintiffs have suffered and will continue to suffer injury in fact and lost money or property.

**RESPONSE: The allegations in Paragraph 136 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 136.**

**Count VIII**

**Unjust Enrichment Under California Common Law**

137. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 136 as if fully set forth herein.

**RESPONSE: Five Below incorporates by reference its responses to Paragraphs 1 through 136 as if set forth fully herein.**

138. Five Below has received a benefit by selling Hyperquench, Hydraquench, Hyperquench, HydraSip, and Hydrachug tumblers that copy Plaintiffs' patented designs and/or distinctive trade dress.

**RESPONSE: The allegations in Paragraph 138 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 138.**

139. This benefit has come at Plaintiffs' expense, as Five Below has capitalized on Plaintiffs' intellectual property and goodwill without authorization or compensation to Plaintiffs.

**RESPONSE: The allegations in Paragraph 139 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 139.**

140. Five Below has sold its infringing products to consumers who might otherwise have purchased Plaintiffs' products.

**RESPONSE: The allegations in Paragraph 140 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 140.**

141. Five Below has benefited from Plaintiffs' substantial investment in developing, marketing, and promoting its QUENCHER and ICEFLOW tumblers and their distinctive designs and trade dress.

**RESPONSE: The allegations in Paragraph 141 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 141.**

142. Five Below's retention of the profits from the sale of its infringing products would be unjust, as it has not paid for the right to use Plaintiffs' intellectual property.

**RESPONSE: The allegations in Paragraph 142 are legal conclusions and do not require a response. To the extent a response is required, Five Below denies all legal conclusions, and any remaining allegations, set forth in Paragraph 142.**

## ANSWER TO PRAYER FOR RELIEF

Five Below denies that Plaintiffs are entitled to any recovery or relief in connection with the allegations set forth in the Complaint, including, but not limited to, the requested relief set forth in Plaintiffs' Prayer for Relief.

## GENERAL DENIAL

All allegations in the Complaint which are not expressly admitted above, are denied.

## AFFIRMATIVE DEFENSES

Five Below alleges and asserts the following affirmative defenses to the claims in the Complaint, undertaking the burden of proof only as required by law. Five Below reserves the right to amend its answer or assert additional defenses as additional information becomes available and/or is discovered.

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

Plaintiffs' claims are barred in whole or in part for failure to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**No Likelihood of Confusion**

Plaintiffs' claims are barred in whole or in part because the accused products are not likely to cause confusion, mistake, or deception with respect to any valid and enforceable trade dress rights that Plaintiffs may hold in its goods and services, nor regarding the source or association of either party's goods or services.

**THIRD AFFIRMATIVE DEFENSE**
**Genericism**

Plaintiffs' claims are barred on the basis that the allegedly protectable features or characteristics of the alleged trade dress are generic and not legally protectable. For example, the Complaint claims trade dress protection over tumbler design elements that are commonplace in the tumbler market, such as squared-off handles, a metal band between the tumbler's cup and lid, and flip straws. Because generic design elements are unprotectable, the claimed trade dress is invalid insofar as Plaintiffs claim generic design elements.

**FOURTH AFFIRMATIVE DEFENSE**
**Indistinctiveness/Lack of Secondary Meaning**

Plaintiffs' claims are barred on the basis that the allegedly protectable features or characteristics of Plaintiffs' trade dress are not inherently distinctive and have failed to acquire secondary meaning. For example, the Complaint claims trade dress protection over generic tumbler design elements that are commonplace in the tumbler market, such as squared-off handles, a metal band between the tumbler's cup and lid, and flip straws. Because such design elements are commonly used by third party producers and/or sellers of tumblers, these elements are not distinctive enough to be source indicative, and the public has not come to associate them exclusively with Plaintiffs. Because secondary meaning is necessary to claim trade dress over product configurations, the claimed trade dress is invalid insofar as Plaintiffs claim design elements that are generic and/or commonly found in the tumbler marketplace.

**FIFTH AFFIRMATIVE DEFENSE**
**Trade Dress Functionality**

Plaintiffs' claims are barred on the basis that the allegedly protectable features or characteristics of the alleged trade dress rights are functional in nature. For example, the Complaint claims trade dress protection over design elements aimed at increasing consumer comfort during use (such as squared-off handles), or reducing the chance of spills and splashes while in use (such as rubber strips on the top of the lid and flip straw mechanisms). Because functional design elements are unprotectable, the claimed trade dress is invalid insofar as Plaintiffs claim functional design elements.

**SIXTH AFFIRMATIVE DEFENSE**
**Trade Dress Misuse/Overextension of Trade Dress/Unclean Hands**

Plaintiffs' claims are barred on the basis that Plaintiffs have overextended and misused their purported trade dress rights by asserting the alleged rights against functional and generic elements of product design in order to eliminate competition in the market.

**SEVENTH AFFIRMATIVE DEFENSE**
**Lack of Injury and/or Damages**

Plaintiffs' claims are barred, in whole or in part, by lack of legally cognizable injury or recoverable damages. No statement or act by Five Below has caused or contributed to any legal injuries or damages to Plaintiffs, or to any other alleged injuries or damages.

**EIGHTH AFFIRMATIVE DEFENSE**
**Speculative Damages**

Without admitting that the Complaint states a claim, Plaintiffs' claims are barred in whole or in part because the claims for damages are speculative, ambiguous, and illusory.

**NINTH AFFIRMATIVE DEFENSE**
**Adequate Remedy at Law**

The alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

**TENTH AFFIRMATIVE DEFENSE**
**Lack of Irreparable Harm**

Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot show that they have suffered or will suffer any irreparable harm from Five Below's actions.

**ELEVENTH AFFIRMATIVE DEFENSE**
**Duplicative Claims**

Without admitting that the Complaint states a claim, any remedies are limited to the extent that Plaintiffs seek overlapping or duplicative recovery.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Invalidity/Unenforceability of Design Patents)**

United States Patent Nos. D805,838 (the "D838 patent") and D955,173 (the "D173 patent") (collectively, the "Accused Patents") are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, 116, 120, and/or 171, and/or judicially created doctrines of invalidity, because, for example, the alleged Accused Patents are primarily dictated by function; are not eligible for patenting; are taught by, suggested by, and/or obvious in view of, the prior art; are not adequately supported or enabled by the written description of that patented invention; and/or the claims are indefinite.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Non-Infringement of Design Patents)**

Five Below does not and has not infringed any valid claim of the Accused Patents either directly, by way of inducement, literally, willfully, and/or under the doctrine of equivalents.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Limitation on Damages; Patent Marking)**

Plaintiffs' claims for damages for infringement of the Accused Patents are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

On information and belief, Plaintiffs' claims against Five Below are barred, in whole or in part, by estoppel including prosecution history estoppel.

On information and belief, Plaintiffs are estopped by virtue of the cancellations, amendments, representations, and concessions made to the Patent and Trademark Office during the pendency of the applications for the Accused Patents and for related patents and patent applications, from construing any asserted claim to have been infringed by any Five Below product.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Ensnarement)**

On information and belief, Plaintiffs' infringement claims are barred by the doctrine of ensnarement. Plaintiffs are foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would ensnare prior art.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Actions of Others)**

On information and belief, Plaintiffs' claims for relief are limited or barred, in whole or in part, because they were not caused by Five Below.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(No Exceptional Case)**

On information and belief, Plaintiffs cannot prove that this is an exceptional case justifying an award of attorneys' fees against Five Below under 35 U.S.C. § 285 or otherwise.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

Five Below has not willfully infringed any Asserted Claim of any Accused Patent.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Principles of Equity)**

The relief sought by Plaintiffs is limited and/or barred, in whole or in part, under principles of equity including, but not limited to, the doctrines of laches, unclean hands, waiver, implied waiver, equitable estoppel and/or acquiescence due to its inaction in timely asserting the Accused Patents.

**ADDITIONAL DEFENSES**

Five Below reserves the right to rely upon additional defenses to any cause of action alleged in the Complaint, or to amend the defenses listed above, as the case develops and the parties conduct discovery.

WHEREFORE, for the foregoing reasons, Five Below respectfully requests that this Court dismiss this action in its entirely, with prejudice; that Five Below be awarded its attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and that Five Below be awarded such further relief as this Court deems just and proper.

## FIVE BELOW'S COUNTERCLAIMS

Counterclaim Plaintiff Five Below, Inc. ("Five Below") asserts the following counterclaims against Counterclaim Defendants Pacific Market International, LLC and PMI WW Brands, LLC (collectively, "PMI" or "Counterclaim Defendants").

## NATURE OF THE ACTION

1. Five Below incorporates by reference Paragraphs 1–142 of its foregoing Answer, and its foregoing Affirmative Defenses, as if fully pleaded herein.

2. These Counterclaims seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that PMI's purported trade dress is non-protectable. These Counterclaims further seek a declaration that Five Below does not infringe any valid and enforceable claim of U.S. Patent Nos. D805,838 ("the D'838 Patent") and D955,173 ("the D'173 Patent") (collectively, the "Asserted Patents"), and that the Asserted Patents invalid.

## PARTIES

3. Counterclaim Plaintiff Five Below is a Pennsylvania corporation with its place of principal business in Philadelphia, Pennsylvania.

4. Counterclaim Defendant Pacific Market International, LLC purports to be a limited liability company formed under the laws of Washington with a principal place of business in Seattle, Washington.

5. Counterclaim Defendant PMI WW Brands, LLC purports to be a limited liability company formed under the laws of Delaware with a principal place of business in Seattle, Washington.

6. Upon information and belief, PMI is a manufacturer of food and beverage containers.

7. Upon information and belief, PMI purports to be the owner of the Asserted Patents.

## JURISDICTION AND VENUE

8. Five Below's counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the Lanham Act, 15 U.S.C. § 1051 et seq., and the Patent Act, 35 U.S.C. § 100 et seq.

9. This Court has jurisdiction over the subject matter of Five Below's counterclaims under 15 U.S.C. §§ 1119, 1121 and 28 U.S.C. §§ 1331, 1338, and 2201.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391. PMI consented that this Court is a proper venue for this action by filing its Complaint in this judicial district.

## FACTUAL BACKGROUND

11. Five Below launched the accused Hydraquench and HydraSip tumblers in 2023, the Hyperquench tumblers in 2024, and the Hydrachug tumbler in 2025.

12. On October 31, 2024, PMI sent a demand letter to Five Below alleging design patent, trademark, and trade dress infringement relevant to the Hydraquench and HydraSip tumblers accused in the instant lawsuit.

13. On December 9, 2024, Five Below rejected PMI's demands in a detailed response that outlined the lack of merit in PMI's claims and the weakness of PMI's asserted intellectual property rights.

14. Nonetheless, in an effort to avoid the burden of litigation, Five Below continued to engage in good faith settlement discussion with PMI through August 2025.

15. On August 8, 2025, Five Below made its most recent good faith counterproposal to PMI.

16. Several months passed without any substantive response from PMI. Five Below followed up several times during that period, and PMI's counsel merely responded that PMI needed additional time to consider Five Below's counterproposal.

17. On November 6, 2025, without any warning or response to Five Below's pending proposal, PMI filed the instant lawsuit, asserting claims of federal design patent infringement, trade dress and trademark infringement, and false designation and unfair competition. PMI additionally asserted state and common law claims of unfair competition and unjust enrichment based on the same nucleus of facts.

18. In its complaint, PMI disingenuously alleged that Five Below willfully infringed its intellectual property rights by continuing to sale the accused products after receiving PMI's October 2024 demand letter. But PMI's willfulness allegations did not acknowledge that Five Below's December 2024 response letter provided a detailed, substantive analysis from legal counsel of the

weaknesses in PMI's asserted intellectual property rights and claims. Nor did PMI ever substantively respond to Five Below's analysis regarding the lack of merit in PMI's threatened claims.

19. Additionally, PMI's willfulness allegations are made on the basis of PMI's continued sale, but fail to acknowledge that, at the time this action was filed, the parties were actively negotiating a sell-off period for the accused products. Therefore, Five Below had no reason to stop selling the accused products, as the parties were both contemplating that the accused products would remain on the shelf until the agreed sell-off deadline. Moreover, PMI never responded to Five Below's August 2025 counterproposal, nor the proposed length of the sell-off period suggested therein.

20. Upon information and belief, PMI intentionally seeks to assert its alleged unregistered trade dress rights and design patent rights against Five Below and other market competitors for anticompetitive purposes.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM

***Request for Declaration of Non-Protectability of Alleged Unregistered Trade Dress on the Basis of Indistinctiveness and Genericness***

21. Five Below herein incorporates the allegations of Paragraphs 1 through 20 of the Counterclaims as if fully restated in this Count.

22. A real and actual controversy exists between PMI and Five Below with respect to whether Five Below's products infringe PMI's claimed unregistered trade dress rights.

23. PMI has imprecisely, overbroadly, and indefinitely expressed the character and scope of any purportedly distinctive features in its alleged unregistered trade dress rights asserted in this action.

24. PMI's alleged unregistered trade dress is not inherently distinctive, and it has not acquired secondary meaning in the marketplace as a source identifier.

25. Moreover, PMI's alleged unregistered trade dress is generic. PMI's claimed trade dress seeks protection for the basic design or general configuration of drinking tumblers, such as their handles and straws. Indeed, PMI's alleged trade dress is composed exclusively of commonly used, non-unique, and functional elements, and is similar to other compositions of design elements available in the hydration / tumbler market.

26. Thus, PMI does not have an ownership interest in its asserted trade dress, nor the exclusive rights to use the asserted trade dress in the marketplace.

27. Five Below is therefore entitled to judgment that the alleged unregistered trade dress asserted by PMI in this litigation is not protectable.

**SECOND COUNTERCLAIM**

***Request for Declaration of Non-protectability of Alleged Unregistered Trade Dress on the Basis of Functionality***

28. Five Below herein incorporates the allegations of Paragraphs 1 through 27 of the Counterclaims as if fully restated in this Count.

29. A real and actual controversy exists between PMI and Five Below with respect to whether Five Below's products infringe PMI's claimed unregistered trade dress rights.

30. PMI has asserted alleged unregistered trade dress rights against Five Below which encompass aspects of product design that are functional in nature. For example, squared-off handles are more ergonomic and comfortable than other types of handles, and flip straws help prevent leaks and increase portability. Therefore, successful assertion of PMI's alleged trade dress against Five Below would place Five Below, and its competitors, at a significant non-reputation-related disadvantage in the market by barring them from using these functional design elements.

31. Thus, PMI does not have an ownership interest in its asserted trade dress, nor the exclusive rights to use the asserted trade dress in the marketplace.

32. Five Below is therefore entitled to judgment that the alleged trade dress asserted by PMI in this litigation is not protectable.

**THIRD COUNTERCLAIM**
***Request for Declaration of Non-Infringement of the D'838 Patent***

33. Five Below herein incorporates the allegations of Paragraphs 1 through 32 of the Counterclaims as if fully restated in this Count.

34. PMI's Complaint alleges that PMI owns the Accused Patents and holds the rights to sue and recover damages for infringement thereof, and further accuses Five Below of directly infringing the D'838 patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

35. Five Below denies that it has infringed or is infringing any valid and enforceable claim of the D'838 patent whether directly, literally, or under the doctrine of equivalents, jointly, or in any other manner through the making, using, selling, offering for sale, and/or importing certain products.

36. Accordingly, a valid and justiciable controversy has arisen and exists between Five Below and PMI regarding PMI's allegations of infringement of the D'838 patent.

37. Pursuant to 28 U.S.C. §§ 2201 and 2202, Five Below is entitled to a declaratory judgment that Five Below has not infringed, and currently does not infringe, any valid and enforceable claim of the D'838 patent whether directly, literally, or under the doctrine of equivalents, jointly, or in any other manner.

**FOURTH COUNTERCLAIM**
***Request for Declaration of Non-Infringement of the D'173 Patent***

38. Five Below herein incorporates the allegations of Paragraphs 1 through 37 of the Counterclaims as if fully restated in this Count.

39. PMI's Complaint alleges that PMI owns the Accused Patents and holds the rights to sue and recover damages for infringement thereof, and further accuses Five Below of directly infringing the D'173 patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

40. Five Below denies that it has infringed or is infringing any valid and enforceable claim of the D173 patent whether directly, literally, or under the doctrine of equivalents, jointly, or in any other manner through the making, using, selling, offering for sale, and/or importing certain products.

41. Accordingly, a valid and justiciable controversy has arisen and exists between Five Below and PMI regarding PMI's allegations of infringement of the D'173 patent.

42. Pursuant to 28 U.S.C. §§ 2201 and 2202, Five Below is entitled to a declaratory judgment that Five Below has not infringed, and currently does not infringe, any valid and enforceable claim of the D'173 patent whether directly, literally, or under the doctrine of equivalents, jointly, or in any other manner.

**FIFTH COUNTERCLAIM**
***Request for Declaration of Invalidity of the D'838 Patent***

43. Five Below herein incorporates the allegations of Paragraphs 1 through 42 of the Counterclaims as if fully restated in this Count.

44. PMI alleges that it owns the D'838 patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Five Below of directly infringing the D'838 patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

45. The D'838 patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including at least 35 U.S.C. §§ 102, 103, 112, 120, and/or 171. A judicial declaration that the D'838 patent is invalid and/or unenforceable because it fails to satisfy the

conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Five Below can ascertain its rights and duties with respect to the D'838 patent. Five Below has no adequate remedy at law.

46. For example, the D'838 patent is invalid under 35 U.S.C. § 102 and/or § 103 because the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention; was described in a patent, or in an application for patent published or deemed published under 35 U.S.C. § 102(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention; and/or the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. This includes, but is not limited to, the Yeti 30-ounce Rambler Tumbler, United States Patent Publication No. 2017/0273484, United States Patent Publication No. 2016/0236831, and United States Patent No. D778,112.

47. Accordingly, a valid and justiciable controversy has arisen and exists between Five Below and PMI regarding the validity of the D'838 patent.

48. Pursuant to 28 U.S.C. §§ 2201 and 2202, Five Below is entitled to a declaratory judgment that the D'838 patent is invalid.

**SIXTH COUNTERCLAIM**

***Request for Declaration of Invalidity of the D'173 Patent***

49. Five Below herein incorporates the allegations of Paragraphs 1 through 48 of the Counterclaims as if fully restated in this Count.

50. PMI alleges that it owns the D'173 patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Five Below of directly infringing the D'173

patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

51. The D'173 patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including at least 35 U.S.C. §§ 102, 103, 112, 120 and/or 171. A judicial declaration that the D'173 patent is invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Five Below can ascertain its rights and duties with respect to the D'173 patent. Five Below has no adequate remedy at law.

52. For example, the D'173 patent is invalid under 35 U.S.C. § 102 and/or § 103 because the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention; was described in a patent, or in an application for patent published or deemed published under 35 U.S.C. § 102(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention; and/or the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. This includes, but is not limited to, United States Patent No. D896,574, United States Patent No. D938,778, United States Patent No. D904,109, United States Patent No. D930,427, and United States Patent Publication No. 2016/0318693.

53. Accordingly, a valid and justiciable controversy has arisen and exists between Five Below and PMI regarding the validity of the D'173 patent.

54. Pursuant to 28 U.S.C. §§ 2201 and 2202, Five Below is entitled to a declaratory judgment that the D'173 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Five Below prays for relief as follows:

a. That PMI's Complaint against Five Below be dismissed in its entirety with prejudice and that a judgment be entered in favor of Five Below;

b. That PMI take nothing by way of its claims;

c. That the Court enter judgment declaring that Five Below has not infringed any purported trade dress right of PMI;

d. That the Court enter judgment declaring that PMI's alleged trade dress is not protectable under federal, state, or common law as it is not inherently distinctive, has not obtained secondary meaning, and/or is generic in nature;

e. That the Court enter judgment declaring that PMI's alleged trade dress is not protectable under federal, state, and common law as it improperly seeks to protect functional aspects of product design;

f. That the Court enter a declaratory judgment that Five Below has not infringed, directly or otherwise, any Accused Patent;

g. That the Court enter a declaratory judgment that each Accused Patent is invalid and/or unenforceable;

h. That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and/or other applicable laws, and award Five Below its attorneys' fees and costs incurred in connection with this action;

i. That the Court award Five Below its attorneys' fees and costs pursuant to 15 U.S.C. § 1117;

j. That Five Below be awarded such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Five Below hereby requests a trial by jury on all issues so triable.

DATED: January 2, 2026

Respectfully submitted,

*/s/ Gina M. Durham*

Gina M. Durham (SBN 295910)

**DLA PIPER LLP**
555 Mission Street, Ste. 2400
San Francisco, CA 94105
415.836.2500 - Telephone
415.836.2501 - Facsimile
Gina.durham@us.dlapiper.com

Tamar Y. Duvdevani (*pro hac vice* pending)
Maegan N. Stanley (*pro hac vice* pending)
**DLA PIPER LLP**
1251 Avenue of the Americas, Fl. 27
New York, NY 10020-1104
212.335.4500 – Telephone
212.335.4501 – Facsimile
Tamar.duvdevani@us.dlapiper.com
Maegan.stanley@us.dlapiper.com

Michael Burns IV (*pro hac vice* pending)
**DLA PIPER LLP**
1201 North Market Street, Ste. 2100
Wilmington, DE 19801
302.468.5700– Telephone
302.394.2341– Facsimile
Michael.burns@us.dlapiper.com

*Counsel for Defendant and Counterclaim – Plaintiff Five Below, Inc.*